# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **Anthony Roberson,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. 18-1593 (APM) |
| **Federal Bureau of Investigation,** | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

### I. INTRODUCTION

Plaintiff, a Texas state prisoner appearing *pro se*, brought this action under the Freedom of Information Act ("FOIA") to compel production of records from Defendant Federal Bureau of Investigation ("FBI"). Contending that Plaintiff failed to exhaust his administrative remedies before filing suit, Defendant moves to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure or for summary judgment under Rule 56 and proffers in support the Declaration of Michael G. Seidel, ECF No. 20-1. Plaintiff has produced no evidence showing that he pursued, much less exhausted, his administrative remedies. Therefore, the court will grant Defendant's motion and dismiss the case for the reasons explained more fully below.

### II. BACKGROUND

Defendant's declarant is Acting Section Chief of the FBI's Record/Information Dissemination Section. His statements are based on personal knowledge and information obtained in his official capacity. The declarant states that the FBI received Plaintiff's 27-part FOIA request on May 23, 2018, determined that it "sought records concerning three distinct subjects," and

"assigned each subject a separate tracking number in order to conduct organized searches and properly address all parts of the request[.]" Seidel Decl. ¶ 5.

FOIA Request Number 1406341-000 sought "the genetic loci showing the number of loci required to provide identity." *Id*. ¶ 6. In a letter dated May 29, 2018—a mere three business days after receipt of the request—the FBI informed Plaintiff that responsive records "were available for review on the FBI's public website" at a link provided in the letter. Seidel Decl., Ex. B. The letter notified Plaintiff of his right (and the process) to appeal the determination to DOJ's Office of Information Policy ("OIP") within 90 days from the date of the letter. It further informed about the agency's dispute resolution services and provided several contacts. *Id*.

FOIA Request Number 1406324-000 sought records of a third party, Charlie Scott. *See* Seidel Decl., Ex. C. In a letter also dated May 29, 2018, the FBI issued its "standard response" of neither confirming nor denying the existence of third-party records. *Id*. The FBI cited FOIA Exemptions 6 and 7(C), codified in 5 U.S.C. § 552(b), and directed Plaintiff to specific locations on its website "for more information about making requests for records on third party individuals (living or deceased)." *Id*. The letter ended with the same information described above about appealing the determination and seeking dispute resolution services.

FOIA Request Number 1406303-000 sought records pertaining to a laboratory file. Seidel Decl. ¶ 8. In a letter dated June 5, 2018—eight work days after receiving Plaintiff's FOIA request—the FBI informed Plaintiff that his request for a fee waiver was being considered. Seidel Decl., Ex. D. Then, on June 20, 2018—19 work days after receiving the request—the FBI released "at no charge" to Plaintiff "123 pages of previously-processed documents" found responsive. *Id*., Ex. E. The letter informed Plaintiff about appealing the determination and seeking dispute resolution services.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(d) states: "If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Rule 56 provides that a court should grant summary judgment if "there is no genuine dispute as to any material fact and [the moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that is capable of affecting the outcome of litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

FOIA authorizes district courts to enjoin federal agencies from withholding agency records and to order the production of any improperly withheld records. 5 U.S.C. § 552(a)(4)(B). An agency's obligation "to search for and disclose all responsive records" is triggered when it receives a request, *Ctr. for the Study of Servs. v. United States Dep't of Health & Human Servs.*, 874 F.3d 287, 288 (D.C. Cir. 2017), that "reasonably describes" the records sought and "is made in accordance with [the agency's] published rules," 5 U.S.C. § 552(a)(3)(A). If a requester believes that the agency has not responded adequately, he generally must exhaust his administrative remedies before filing suit in federal court. *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004); *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990); *see Elec. Privacy Info. Ctr. v. Internal Revenue Serv.*, 910 F.3d 1232, 1238 (D.C. Cir. 2018) ("A FOIA requester must complete the 'statutory administrative appeal process, allowing the agency to complete its disclosure process before courts step in.'") (quoting *Oglesby*, 920 F.2d at 65)). FOIA's administrative scheme "favors treating failure to exhaust as a bar to judicial review," *Wilbur*, 355 F.3d at 677 (internal quotation marks omitted), and "exhaustion . . . can be a substantive ground for rejecting a FOIA claim in

litigation," *Bayala v. United States Dep't of Homeland Sec., Off. of Gen. Counsel*, 827 F.3d 31, 35 (D.C. Cir. 2016).

IV. **DISCUSSION**

Plaintiff does not dispute that he did not pursue any administrative remedies. *See* Seidel Decl. ¶ 11 (In response to the FBI's inquiry on November 19, 2018, "OIP advised it had no record of receiving any administrative appeals concerning" the three FOIA Request Numbers discussed above.). Instead, Plaintiff counters with two arguments. First, Plaintiff challenges facts concerning his criminal prosecution, *see* Decl. in Opp'n to Def's Mot., ECF No. 24 at 10-14, which are immaterial to FOIA analysis. *See Stonehill v. IRS.*, 558 F.3d 534, 538-39 (D.C. Cir. 2009) ("the identity of the requester" and his purpose for seeking records are generally "irrelevant to whether disclosure is required" under FOIA) (citing cases); *accord Dugan v. Dep't of Justice*, 82 F. Supp. 3d 485, 495 (D.D.C. 2015) (declining to "address plaintiff's arguments concerning his criminal prosecution or his purported innocence").

Second, and more on point, Plaintiff posits that "once constructive exhaustion occurred any available administrative appeal, i.e. actual exhaustion becomes permissive." Decl. ¶ 24. FOIA requires an agency to "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) *after the receipt* of any such request whether to comply" and to "immediately notify" the requester. 5 U.S.C. § 552(a)(6)(A)(i) (emphasis added). If "the agency fails to answer the request within twenty [work] days," *Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1310 (D.C. Cir. 2003), the requester "shall be deemed to have exhausted his administrative remedies" and may proceed directly to court, 5 U.S.C. § 552(a)(6)(C)(i). However, if "the agency responds to the request after the twenty-day statutory window, but before the requester files suit, the administrative exhaustion requirement still applies." *Rossotti*, 326 F.3d at 1310 (citing *Oglesby*, 920 F.2d at 64-

4

65). In this case, Defendant has shown that it received Plaintiff's request on May 23, 2018. Seidel Decl. ¶ 23. With respect to two categories of Plaintiff's requests, the FBI answered them on May 29, 2018, a mere three business days after receipt. *Id.*, Exs. B, C. As for the third category of Plaintiff's requests, the FBI answered them by producing 123 pages of records on June 20, 2018, 19 work days after receipt. *Id.,* Ex. E. Thus, the agency's determinations with respect to Plaintiff's requests all came not only within the 20-day timeframe but also the latest of the three issued five days before Plaintiff filed suit on June 25, 2018. Therefore, Plaintiff's constructive exhaustion argument is unfounded.

## V. CONCLUSION

For the foregoing reasons, Defendant's motion is granted, and this case is dismissed. A separate final order accompanies this memorandum opinion.

Dated: November 12, 2019

Amit P. Mehta
United States District Judge